SINFORIANO BURGOS, demandante y apelado, *v.* LA ASAMBLEA MUNICIPAL DE SANTA ISABEL, demandada y apelante.

No. 4161.—*Sometido:* Mayo 10, 1928. *Resuelto:* Mayo 10, 1929.

*Leopoldo Tormes García,* abogado de la apelante; *Tomás Bernardini de la Huerta,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Sinforiano Burgos era Juez de Paz en el Municipio de Santa Isabel, cargo para el cual fué nombrado el 24 de julio de 1926. Tomó posesión del mismo el día 2 de agosto de 1926, y lo estaba ejerciendo activamente cuando podría decirse que surgieron los hechos que han dado lugar a este litigio.

A virtud del presupuesto aprobado el 27 de junio de 1926 para el año fiscal 1926–27 por la Asamblea Municipal de Santa Isabel, dicho Sinforiano Burgos percibía un sueldo de $60 mensuales.

El 7 de octubre de 1926, la asamblea municipal se reunió nuevamente, y, debido a la actuación del Contador de Puerto Rico, reconsideró el presupuesto y redujo el sueldo de Burgos de $60 a $30 mensuales. Entonces Sinforiano Burgos presentó una solicitud de *certiorari* ante la Corte de Distrito de Guayama, la que resolvió el caso a su favor, y este recurso se ha entablado contra la sentencia así dictada.

Tal vez la principal teoría de la parte apelante es que aunque la asamblea municipal había aprobado un presupuesto en junio, el mismo no podía considerarse efectivo y legal hasta que el Contador de Puerto Rico le hubiese impartido su aprobación.

Este tribunal ha tenido la oportunidad de considerar algunas de las facultades del contador y, desde luego, si el presupuesto no dependía de la aprobación de éste, no podría haber duda alguna de que el municipio estaría absolutamente obligado a pagar el sueldo fijado en junio, y de que bajo esas circunstancias, en octubre no existía facultad alguna para reconsiderarlo en lo que a sueldos se refería. Según ha sucedido en otros casos, el alcance de las facultades del Contador de Puerto Rico por virtud de la sección 20 de la Ley Orgánica tal como ha sido enmendada, no se ha presentado ampliamente ante esta corte. En el

presente caso no creemos necesario tratar de determinarlo, toda vez que, asumiendo el dominio que tenga el contador sobre un presupuesto municipal, no podemos resolver ni resolvemos que el municipio demandado tuviera necesidad, con motivo de la intervención del contador, de reducir el sueldo del peticionario apelado.

La Corte de Distrito de Guayama basó en gran parte su decisión en el artículo 36 de la Ley Municipal, tal como regía el 22 de agosto de 1925, así:

"Los funcionarios administrativos y empleados permanentes del municipio tendrán y se les pagará, como única compensación, los sueldos que se les fijare en cada presupuesto, los cuales no podrán ser aumentados ni disminuidos en el transcurso del año económico."

La corte muy correctamente resolvió que ya no regía una ley anterior que limitaba el sueldo de los jueces de paz a $30. Entre otras cosas, la corte dijo:

"No discutiremos el derecho de la Asamblea demandada a enmendar sus ordenanzas y resoluciones. Indiscutiblemente que tal derecho le asiste. Pero este derecho o facultad puede y debe ejercitarse sin violentar o infringir ningún otro precepto de la ley."

La corte tuvo en mente el artículo 36, *supra,* pero el principio es aplicable, según creemos, aun suponiendo que el presupuesto dependiera de la aprobación del contador.

Se cruzó alguna correspondencia entre el Contador de Puerto Rico y el Secretario Municipal de Santa Isabel, demostrativa de que el contador tenía conocimiento de las disposiciones del artículo 36 de la Ley Municipal en que se decía que los sueldos no podrían ser aumentados o disminuidos, y, sin embargo, dijo que los sueldos podían reducirse, toda vez que en agosto 6 él, el contador, ya había llamado la atención del Municipio hacia el hecho de que el presupuesto contenía una inflación de $4,416.84. Sucedió entonces que el municipio logró convencer al contador de que el déficit era menor de lo que a primera vista parecía, y

el contador aprobó posteriormente el presupuesto con ciertas deducciones, entre las cuales los. únicos sueldos tocados o afectados fueron el del juez de paz, peticionario en este caso, y el de su secretario.

La carta original del contador no limitaba a los sueldos únicamente las deducciones que el municipio debía hacer, ni se refería su carta original particularmente a Burgos. La asamblea decidió hacer las deducciones de los sueldos del peticionario y de su secretario. No se trató de hacer un reajuste efectuando otras deducciones. Tal vez se aumentaron algunas pequeñas partidas. El peticionario tomó posesión de su cargo por virtud del sueldo asignádole. La actuación del contador no se dirigía específicamente a él, y nos sentimos obligados a resolver que no puede sostenerse que lo dicho por el contador al llamar la atención hacia la inflación del presupuesto, afectara el sueldo del peticionario que ya había empezado a regir. Desde luego, estamos excluyendo los casos en que los municipios fijan sueldos extravagantes y la intervención del contador se dirige específicamente a ellos. La aprobación del contador al último presupuesto confeccionado por el municipio, en el cual se redujeron los sueldos mencionados, no impide que el municipio sea responsable de la diferencia del sueldo a que el peticionario tenía derecho a virtud de la aprobación del presupuesto original. El municipio puede ser obligado a pagar, como si se tratara de cualquier otro caso no desautorizado expresamente por el contador. Según hemos indicado antes, no estamos resolviendo si una vez que un presupuesto es aprobado y firmado por el alcalde, la actuación del contador puede impedir el pago de sueldos razonables fijados en dicho presupuesto.

*Debe confirmarse la sentencia apelada.*